Ryckman
v.
Parkins.

RYCKMAN *vs.* PARKINS.

In an action of *slander*, where the verdict was rendered for the plaintiff for
$7000, and the defendant obtained an *order to stop proceedings* on a case
made, the order before argument of the case was *vacated* on the application
of the plaintiff, there appearing no mitigating circumstances in the case, and
nothing to induce suspicion of prejudice, partiality or corruption on the part
of the jury.

February 21.

The plaintiff having obtained a verdict for $7000 damages
in an action of *slander*, and the defendant having made a
case with a view of moving for a new trial, on the ground
of the excessiveness of the damages; and having obtained
an order from the circuit judge before whom the cause was
tried, staying the proceedings until the case could be heard,
the plaintiff now, on the facts set forth in the case, and on
an affidavit of the great wealth of the defendant, applied for
a rule vacating the order to stay the proceedings.

*By the Court,* SAVAGE, Ch. J.   The slander in this case
was of a wanton and wicked character, imputing to the plain-
tiff a crime of the most atrocious nature; and when the great
wealth of the defendant is taken into consideration, there is
nothing in the case to induce the suspicion of prejudice, par-
tiality or corruption on the part of the jury in finding a ver-
dict against the defendant to the amount of $7000.   In *Mc-
Connell* v. *Hampton*, 12 *Johns. R.* 234, where a verdict for
$9000 was rendered in favor of the plaintiff in an action of
*false imprisonment,* the court ordered a new trial; but in
that case there were mitigating circumstances; here there
are none.   The order to stay proceedings is therefore vaca-
ted, and the plaintiff is at liberty to enter judgment upon
the verdict, notwithstanding the case made.